56 F.3d 82
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Anthony M. KIPEN, Petitioner,
v.
DEPARTMENT OF THE NAVY, Respondent.
 No. 95-3182.
 United States Court of Appeals, Federal Circuit.
 May 12, 1995.
 
 Before LOURIE, SCHALL, and BRYSON, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Anthony M. Kipen seeks review of the final decision of the Merit Systems Protection Board ("Board") in Docket No. AT-0752-94-0093-I-1, sustaining his removal by the Department of the Navy ("agency"). The July 29, 1994 initial decision of the administrative judge became final on December 1, 1994, when the full Board denied Mr. Kipen's petition for review. We affirm.
 
 DISCUSSION
 
 2
 On October 29, 1993, the agency removed Mr. Kipen from his position at the Naval Facilities Engineering Command in Jacksonville, Florida, for failure to carry out a proper order. Mr. Kipen was the agency's construction representative on a certain construction project. In that capacity, he was responsible for overseeing the repair of a stretch of sinking asphalt adjacent to a concrete pad used for storing forklifts. Mr. Kipen's supervisors determined that the repair was to be conducted by cutting out a two foot strip of asphalt starting from the edge of the concrete, recompacting the base underneath, and then reasphalting the strip. Without authorization, Mr. Kipen approved a change in the repair. Instead of having the repair work performed as he had been directed, Mr. Kipen allowed a three- or four-inch strip to be cut out of the asphalt and a new layer of asphalt laid over the area from the strip up to the concrete, without the base being recompacted. Mr. Kipen was removed from his position for this action.
 
 
 3
 Mr. Kipen appealed the Navy's removal to the Board, which affirmed the Navy's decision. The Board found, based on the evidence presented at a hearing, that Mr. Kipen was given a proper order to have the repair work done in a specified manner and that he failed to carry out this order. The Board concluded that Mr. Kipen's willful and intentional failure to obey an order provided a proper basis for removal.
 
 
 4
 Mr. Kipen challenges the Board's factual findings and contends that he was removed from his position in retaliation for whistleblowing. This court affirms the Board's decision unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988).
 
 
 5
 We have carefully considered Mr. Kipen's arguments and find them unpersuasive. Substantial evidence supports the Board's finding that Mr. Kipen's failure to obey an order was willful and intentional. The finding of the Board rests on credibility determinations, which are "virtually unreviewable." Hambsch v. Department of the Treasury, 796 F.2d 430, 436 (Fed. Cir 1986). The conclusion of the Board that Mr. Kipen failed to adequately support his affirmative defense of whistleblowing is likewise supported by substantial evidence. Mr. Kipen has failed to demonstrate that the Navy's actions were in any way retaliatory or disproportionate to his offense.